IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CARLOS GARRETT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 18-cv-880-JPG |
|  | ) |  |
| UNKNOWN PARTY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is a former detainee at the St. Clair County Jail ("the Jail"). The claim in this action was severed on April 11, 2018, from Plaintiff's original case, *Garrett v. McLauren, et al.*, Case No. 17-cv-871-JPG (S.D. Ill. filed Aug. 16, 2017), which was filed while Plaintiff was a prisoner at the Jail. He has since been released from custody. The original civil rights action pursuant to 42 U.S.C. § 1983 included a number of other inmates as co-Plaintiffs. All of the other co-Plaintiffs were dismissed from the action before the instant claim was severed.

This severed claim was designated as Count 4 in the original case, described as follows:

**Count 4 –** Fourteenth Amendment claim for failure to provide Plaintiff with an adequate sick call procedure at the Jail.

(Doc. 1, p. 5).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.

1

28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's Complaint, the Court concludes that this action is subject to summary dismissal. However, Plaintiff shall be allowed an opportunity to re-plead his claim if he still wishes to pursue it.

## The Complaint

The portion of Plaintiff's Complaint that relates to Count 4 states that "the sick call procedure is broken" at the Jail. (Doc. 2, p. 4). Inmates submit sick call requests seeking medical care either through paper requests or through a "kiosk" in the cellblock. Inmates have submitted multiple requests without getting any response. This occurs on a daily basis. "The medical staff make a conscious choice not to reply to inmates call for help." *Id.* Because of this neglect, inmates' medical issues go untreated. Inmates have complained by submitting captain complaints, but have received no responses to those grievances either. Plaintiff believes this problem has been occurring for years. *Id.*

Plaintiff seeks a preliminary and permanent injunction ordering the Jail to address the sick call process so that inmates can see a medical professional. (Doc. 2, p. 6). He also requests money damages. *Id.*

## Merits Review Pursuant to 28 U.S.C. § 1915A

The Court shall continue to refer to the claim in this action as Count 4, consistent with the description of Plaintiff's claims as set forth in the Order severing this case. (Doc. 2, p. 6). The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 4 –** Fourteenth Amendment claim for failure to provide Plaintiff with an adequate sick call procedure at the Jail.

Count 4 shall be dismissed without prejudice at this time pursuant to § 1915A, for failure to state a claim upon which relief may be granted.

It appears that Plaintiff may be attempting to assert a claim for deliberate indifference to serious medical needs. For detainees, such a claim arises under the Due Process Clause of the Fourteenth Amendment. *See Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The Eighth Amendment governs claims for convicted prisoners. *Id*. As the Seventh Circuit explained:

> [A] pretrial detainee is entitled to be free from conditions that amount to "punishment," *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), while a convicted prisoner is entitled to be free from conditions that constitute "cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

*Smith*, 803 F.3d at 309.

The Seventh Circuit has historically applied the same standards to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners). *See Smith*, 803 F.3d at 309-10; *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008); *Ayoubi v. Dart*, No. 17-1662, 2018 WL 1445986, at *3 (7th Cir. March 23, 2018) (unpublished) (Fourteenth Amendment and Eighth Amendment standards "are virtually indistinguishable"). In order to state a claim for deliberate indifference to a medical need, "[a] detainee must have a medical condition 'objectively serious enough to amount to a constitutional deprivation,' and 'the defendant prison official must possess a sufficiently culpable state of mind.'" *Ayoubi*, 2018 WL 1445986, at *3 (quoting *Smith*, 803 F.3d at 309).

Here, Plaintiff fails to state a cognizable claim, because he merely makes a general allegation that the Jail's sick call policy is inadequate to ensure that inmates have access to medical providers. *See Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (plaintiff lacks standing in § 1983 action where he alleges that inmates generally are treated in contravention to

the Constitution, but not that plaintiff himself was treated in violation of the Constitution). In order to state a claim that survives the § 1915A merits review, Plaintiff would have to set forth factual allegations showing that he personally suffered from an objectively serious medical condition while at the Jail, but a Jail medical provider or other official (whom he must name as a Defendant) failed to respond adequately to his request for treatment.

If Plaintiff experienced such a scenario during his incarceration at the Jail, he may include the relevant facts in an amended complaint. Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in an amended complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

For these reasons, Count 4 and the Complaint (Doc. 2) shall be dismissed without prejudice. As noted above, Plaintiff shall be allowed an opportunity to submit an amended complaint, to correct the deficiencies in his pleading. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review under § 1915A.

In preparing his amended complaint, Plaintiff shall note that because he is no longer incarcerated at the Jail, his original request for injunctive relief appears to have become moot. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be

incarcerated at the Jail under the conditions described in the Complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

**Disposition**

**COUNT 4**, and the entire Complaint (Doc. 2), are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before **June 18, 2018**). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 18-cv-880-JPG. The First Amended Complaint should include only Count 4 as described above. If Plaintiff includes any unrelated claims against different defendants, such claims will be subject to severance into a separate action, which will result in the assessment of another filing fee. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

In the amended complaint, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable under the particular count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should state facts to describe what each named Defendant did (or failed to do), that violated his constitutional rights. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

An amended complaint supersedes and replaces all prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

If Plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, the action shall be subject to dismissal with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint. If the First Amended Complaint fails to survive review under § 1915A, Plaintiff may also incur a "strike."

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 21, 2018**

s/J. Phil Gilbert<br>United States District Judge